## Case No. 16,181a.

### UNITED STATES v. RODRIGUEZ.

[1 Cal. Law J. 358.]

District Court, N. D. California. 1862.

MEXICAN LAND GRANTS — LOCATION OF BOUNDARIES—OBJECTIONS TO SURVEY.

Official survey of rancho "Butano," one square league, in Santa Cruz county. Approved March 2, 1861.

The following is the history of this claim: "Manuel Rodriguez, claimant for 'Butano,' one square league, in Santa Cruz county. Informal grant, February 19, 1838, by Juan B. Alvarado, ratified November 13, 1844, by Manuel Micheltorena to Romana Sanchez; claim filed February 24, 1853; confirmed by the commission February 8, 1855, by the district court November 19, 1856 [Case No. 16,185]; and appeal dismissed June 12, 1857,—containing 3,025.65 acres."

HOFFMAN, District Judge. This case comes up on objections to the survey filed by the claimant. By the decree of this court there was confirmed to the claimant the land called "Butano," bordering on the rancho of the heirs of Simeon Castro, the serraina and the sea—of the extent of one square league.

The principal point in controversy is as to the location of the boundary of the rancho of the heirs of Simeon Castro. To ascertain that boundary resort must be had to the expediente. In Castro's petition the land is described as the tract called "'Punta del Año Nuevo,' from the boundaries of Hilario Buelna to those of Juan Gonzales, which will be four leagues, a little more or less, and from the sierra to the seashore, which will be one league, as shown on the accompanying sketch." On the diseño attached to the original petition of Romana Sanchez for the land confirmed to the claimant, the Butano creek is represented as the northern boundary of the land solicited, and as the southern boundary of the Gonzales tract—and the same creek is delineated on the Gonzales diseño, and mentioned in his grant, as forming his southern boundary. If, then, the description in the Castro grant be construed as referring to the southern boundary of Gonzales, as shown by the grant of the latter, no location whatever can be made of the league granted to the claimant; for his northern boundary is the Butano creek and his southern boundary the land of

Castro. But the northern boundary of Castro is the same Butano creek. Hence the ranchos of Gonzales and Castro adjoin, and the claimant can take nothing.

But it is contended that the northern boundary of the Punta del Año Nuevo rancho, which, by the terms of Rodriguez' grant, constitutes the southern boundary of the land of the latter, is not the Arroyo del Butano, but another creek, called Arroyo de los Frijoles, or Bean Hollow. We have already seen that the Año Nuevo rancho is declared in the grant to be bounded by the rancho of Gonzales on the north, and that the southern boundary of this latter, as shown by his grant, is the Arroyo del Butano—as appears from the Gonzales diseño and grant, and even from the diseño in the case at bar. It is urged, however, that, when the governor, in the Año Nuevo grant, referred to the boundary of Gonzales as constituting the northern limit of the land he was then granting to Simeon Castro, he intended, not the Gonzales boundary, as mentioned in the grant of the latter, but that boundary as delineated on the diseño of the Punta del Año Nuevo rancho. On referring to this diseño, we find a tract delineated lying between the ocean and the sierra, and chiefly contained between two arroyos represented as running from the mountains to the sea. At a short distance to the north and south of these brooks, respectively, lines are drawn, of which the southern is marked "Lindero Hilario Buelna"—and the northern "Lindero de José Gonzales." If the brook near which this boundary of Gonzales is drawn had any name inscribed upon it, the position of this line, and consequently the northern limit of the Punta del Año Nuevo rancho, as indicated by the diseño, could be ascertained beyond controversy; but it is merely marked "Arroyo." But the delineation of the line of the coast affords very important indications as to the particular brook intended. The rancho of Punta del Año Nuevo was made up of two ranchos, one of which had been granted to Bernal, who surrendered his rights to Castro, by whom a final grant for both, under one name, was obtained. These two ranchos were the Punta del Año Nuevo, proper, and the rancho called "Rincon de la Ballena." On the diseño under consideration, these two points, from which the ranchos derived their names, are laid down, and, by comparing the diseño with the official map of the coast attached to the patent obtained by the successors in interest of Castro, they are readily identified. The Punta del Año Nuevo, "New Year's Point," (being its former name translation,) and the Punta de la Ballena as another point near which is a rock marked "Stone House Rock." As to the identity of Punta del Año Nuevo with New Year's Point there is no question, and it is equally clear that the Punta de la Ballena must be the point near Stone House Rock, for there is none other on the coast which could have been intended.

It is stated by one of the witnesses in the Sebastian Rodriguez Case, the record of which has been made evidence in this, that the Punta de la Ballena is about six miles north of the Punta del Año Nuevo, and this is precisely the distance as shown by the map between the New Year's Point and the Stone House Rock Point. If, then, this latter point be the Punta de la Ballena of the diseño the arroyo drawn on that diseño a short distance to the north of it cannot be the Arroyo del Butano—for the arroyo of the diseño is represented as falling into the ocean at a distance from the Punta de la Ballena if about one-third the whole length of the rancho, whereas the Arroyo del Butano falls into the sea at least as far north of the Punta de la Ballena as the Punta del Año Nuevo is south of it. In other words if the arroyo of the diseño be taken to be the Arroyo del Butano, the Punta de la Ballena will be about the middle of the tract, instead of being at about one-third of its whole length from north to south. But to the north of the Punta de la Ballena there is an arroyo called Arroyo de los Frijoles, which, in all respects, corresponds with the arroyo of the diseño. It is at the requisite distance north of the point, and if it be assumed to be the arroyo of the diseño, it makes the rancho about four leagues in length—corresponding, in that respect, with the description in the petition of the tract solicited.

It is also urged that the diseño attached to the original petition of Bernal, who obtained, as has been stated, a grant for the Rincon de la Ballena, and whose rights were surrendered to Pico and by him to Castro, by which latter a grant for that and the adjoining rancho was obtained, show what was intended to be the northern boundary of the original rancho of Rincon de la Ballena, and consequently what must have been intended to be the northern boundary of the consolidated rancho of Punta del Año Nuevo. In the diseño attached to the original petition of Bernal, and which in the record of the Sebastian Rodriguez Case, which was rejected by the board, the rincon or corner is represented as comprised within the Arroyo de la Laguna and the sea. This arroyo is evidently the same as the Arroyo de los Frijoles—which, as appears from the official map, terminates at its mouth in a laguna of some size. On the Bernal diseño it is represented as forming the northern boundary of the Rincon de la Ballena; and on the north of it the land is inscribed as that of the citizen José Antonio Galindo the same person who obtained for himself and his mother the grant in the case at bar. I think it clear, therefore, that the Rincon de la Ballena, petitioned for by Bernal, and delineated on his diseño, was intended to be bounded towards the north by the Arroyo de la Laguna, or De los Frijoles, which was regarded as forming the southern boundary of the Galindo rancho. That these were the limits of the Galindo tract, is also apparent from the diseño in the case; for by comparing the Bernal diseño with that in the Galindo ex-

pediente, it will be seen that the two tracts are represented as adjoining each other. The Galindo tract being bounded on the south by the Arroyo de la Laguna or de los Frijoles and the Bernal tract being bounded on the north by the same stream.

An additional argument in favor of the location contended for by the claimants is found in the fact that if the Gonzales boundary mentioned in the Castro grant be the boundary described in the Gonzales grant, to wit: the Butano creek—we must suppose the government to have counseled the absurdity, not to say injustice, of making a grant to Galindo under which he could take no land whatever; for his northern boundary, as shown by his diseño, is the Butano creek, and his southern boundary the rancho of Castro. But if the same creek is the northern boundary of Castro, there will be no land between the two ranchos of Gonzales and Castro to be appropriated to Galindo. That the government may sometimes have accidentally granted the same land to two persons is not impossible; but such an accident is highly improbable, and the clearest evidence ought to be required before we are justified in considering it to have occurred. But, in this case, where the pretensions of Castro were founded on a former grant to another person, whose rights he had acquired—when the grant and diseño of his predecessor in interest showed that the land asked for did not include the possession of Galindo held by him under a provisional concession made long previous to the first application for the Rincon de la Ballena, it is in the highest degree improbable that the government would have granted to Castro the land held by another under so ancient and equitable a title.

The question, then, is: Did the government, when it declared that the land was bounded by the rancho of Gonzales, intend the boundary expressed in the grant of Gonzales, or that delineated on Castro's own diseño? I think it very clear that the latter was intended. And for the following reasons: The land is stated in the grant to be four square leagues as shown in the respective diseño. By that diseño, as we have already seen, the boundary of Gonzales is placed a very short distance to the north of a creek, which is obviously not the Arroyo del Butano but the Arroyo de la Laguna, or de los Frijoles. The tract is described in the petition as four leagues in length and one in breadth as shown in the sketch. The officer to whom it was referred for information reports that the boundaries of the tract are the same as are expressed "in the petition and respective diseño—the demarcation of which does not comprise the land of any other person;" a report which could not have been made if the land had been supposed to embrace the lands already provisionally granted to Galindo, and occupied by him long before the petition of Castro, or even that of Bernal, to whose rights he succeeded. The governor, relying on this report, makes the grant and designates the rancho of Gonzales

as the northern boundary; but the tract he meant to grant must have been that delineated on the diseño and comprised within the boundaries there laid down, or the lines thereon marked, as the boundaries of Gonzales and Buelna—notwithstanding that they may not have been the actual boundaries of those persons when their own grants are consulted. Again: The land asked for and granted is four leagues in length by one in breadth. This tract the alcalde reported to be vacant, and this alone the governor intended to grant. But if the Butano creek be taken as a boundary the length of the tract will be five leagues, while the quantity can be restricted to the four leagues confirmed only by making the width of a considerable portion much less than the width expressed in the petition and indicated on the diseño. And, finally, it is in a high degree improbable that Castro intended to solicit, as it is almost impossible that the governor would have consented to grant, any extension towards the north beyond the boundary of the former rancho of Rincon de Ballena, the rights to which Castro represented, when, by so doing, a person would be deprived of land which he had long occupied and enjoyed under a provisional title, and his rights to which had been recognized and respected when the Rincon de Ballena had originally been given to Bernal.

I therefore think that the land of the present claimant has been correctly located as bounded by the Arroyo de los Frijoles on the south, and that the objections of the representatives of Castro to that survey must be overruled.

It is to be regretted that a patent has already been issued to the latter, founded on what I must consider an erroneous survey. But that survey was never submitted to this court, and the rights of the present claimant must now be maintained, notwithstanding that the United States have erroneously patented his land to another. When both shall have obtained patents, they will be in condition to finally settle the controversy before the ordinary tribunals.

The claimant also contends that there should be surveyed to him one league—notwithstanding, that to obtain that quantity, he may be compelled to go beyond the Butano creek. But we have seen that that creek is the southern boundary of Gonzales, who has the oldest grant, and it is clearly designated in the diseño of the claimant as the northern boundary of the latter. Whether he can in any event cross that creek to obtain the required quantity—or whether following the indications of the diseño, the boundary between the claimant and Gonzales, is to be taken to be a line drawn from the mouth of the creek, at right angles to the line of the coast and not following the creek, which enters the ocean at an acute angle, it would be clearly improper now to decide. For the Gonzales claim, though confirmed by the supreme court, has not been surveyed, and the bound-

ary between his rancho and that of the claimant, ought not to be fixed until the rights of both grantees can be considered.

An order in conformity with this opinion must be entered.

